IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
15 OCT -6 PM 4:09
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

KAREN C. ROEBUCK, individually, )
)
Plaintiff, )
)
vs. ) NO. 1:15-cv-1578 SEB-MJD
)
VOLKSWAGEN GROUP OF AMERICA, INC., )
d/b/a VOLKSWAGEN OF AMERICA, INC., )
a Corporation, )
)
Defendant. )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Come now Plaintiff, Karen C. Roebuck (hereinafter "Plaintiff" and/or "Karen Roebuck"), by and through counsel, Crystal Pulley, and for her Complaint for Damages and Jury Demand, (hereinafter the "Complaint") against the Defendant, Volkswagen Group of America, Inc., d/b/a Volkswagen of America, Inc., states as follows:

1. That Volkswagen Group of America, Inc., d/b/a Volkswagen of America, Inc., (hereinafter "Defendant" or "Volkswagen") since on or about 2009 has intentionally installed a defeating software in over 482,000 cars with diesel engines including but not limited to the Jetta, Beetle, Golf, Passat and Audi A3 models to detect when the car was undergoing an emissions test (hereinafter the "Affected Vehicles").

2. The defeating software was a sophisticated software algorithm (hereinafter a "defeat device") in the Affected Vehicles' Electronic Control Module that was able to detect emission tests, which caused the defeat device to activate the pollution control system

installed on the Affected Vehicles in order for it to pass the periodic emission emissions tests.

3. The Clean Air Act, 42 U.S.C §§ 7401 - 7671q, and its regulations, administered by the Environmental Protection Agency (hereinafter referred to the EPA"), requires car manufacturers to install emission control devices on engines to ensure that each gas or diesel motor vehicle sold in the United States complies with the emission standards set forth by the Clean Air Act, during its operation, and to certify that said devices are operational and meet the standards.

4. Upon information and belief the EPA has determined that Volkswagen installed this "defeat device" in the following Model Years: Jetta (2009 – 2015) Beetle (2009 – 2015), Golf (2009 – 2015), Passat (2014 – 2015) and Audi A3 (2009 – 2015).

5. That the Defendant marketed and sold the Affected Vehicles as environmentally friendly, as "TDI® clean diesel engine," also marketed as a "Cleandiesel" car that possessed extremely high fuel efficiency, performance and with low emissions.

6. Volkswagen also marketed the Affected Vehicles as "clean", green" and "Cleandiesel" cars, which were false and misleading representations made to the public, including Karen Roebuck, who relied on these representations when deciding to purchase a diesel engine car vs. a hybrid car that she was operating at that time.

7. Volkswagen did not sell the Affected Vehicles with high fuel mileage with low emissions, but engineered a way to make the Affected Vehicles appear that they complied with the EPA standards, when they did not.

8. These Affected Vehicles routinely emitted pollution in excess of that allowed by the Clear Air Act, as a result of the "defeat device" and the software.

9. Volkswagen did not disclose the use of the "defeat device" which was in the Affected Vehicles in its Certification of Conformity application that was submitted to the EPA.

10. Cars equipped with "defeat deviesces" cannot be certified by the EPA, and are illegal to sell in the United States.

11. The Affected Vehicle which Karen Roebuck purchased did not have a TDI® clean diesel engine that she bargained for, which was due to the "defeat device" and the false and fraudulent representations made by Volkswagen and its agents, representatives, and salesman.

12. The violations are explained in a Notice of Violation that the EPA issued to the Defendant, and is attached to this Complaint as Exhibit 1.

## THE PARTIES

13. The Plaintiff, Karen Roebuck, is and at all material times to this action was an individual residing in Fort Wayne, Indiana.

14. The Defendant Volkswagen is a New Jersey corporation, with its principle place of business located at 2200 Ferdinand Porsche Dr., Herndon, Virginia, 20191.

## STATEMENT OF JURISDICTION AND VENUE

15. This court has jurisdiction pursuant to 28 U.S.C. § 1331, because it has original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the substantial part of the Acts or omission giving rises to these claims occurred within this district. The Plaintiff resides in Indiana, and Volkswagen has advertised, marketed, leased, and sold the Affected Vehicles within this District, as well as the United States.

WHEREFORE, jurisdiction and venue is conferred upon the Indianapolis Division of the Federal District Court of Southern District of Indiana.

## APPLICABLE STATUE OF LIMITATIONS ARE TOLLED

17. For The following reasons, any applicable statute of limitation has been tolled as a result of the discovery rule with respect to any and all claims.

18. The EPA has reported that the "defeat device" was a "sophisticated software algorithm" that has the ability to detect when an Affected Vehicle was undergoing an emission test.

19. Therefore, through the exercise of reasonable due diligence, the Plaintiff could not have discovered that Volkswagen was concealing its deception within the applicable period of the statute of limitation.

20. Similarly, the Plaintiff, through the exercise of reasonable due diligence could not have discovered that Volkswagen had misled the EPA by falsely certifying the required Certificate of Compliance as to the Affected Vehicles.

21. Furthermore, the Plaintiff, through the exercise of reasonable due diligence could not have discovered that Volkswagen through its owners' manual, warranty, booklets, advertisements, and other sales and/or marketing materials regarding the engine system in the vehicles designated as "TDI® clean diesel engine" were in fact illegal and not environmentally safe or clean.

22. Therefore, any applicable statute of limitation has been tolled by Volkswagen's fraud, active concealment, and factual misrepresentations regarding its "TDI® clean diesel engine."

## ESTOPPEL

23. Volkswagen was under a continuing duty to disclose to the Plaintiff the facts it knew about the emission from its "defeat device", and as a result thereof these Affected Vehicles were unable to comply with federal and state laws.

24. At all times relevant, Volkswagen actively concealed the true nature of the Affected Vehicles.

25. As a result of Volkswagen's active concealment of the facts, and its marketing of the Affected Vehicles, the Plaintiff relied to her detriment after speaking and reading advertising materials provided to her by sales representatives in Indiana, and found a less expensive car in Illinois, purchased it and returned that day to her residence in Indiana.

26. Therefore, Volkswagen is estopped from relying on any statute of limitation in defense of this action.

## DISCOVERY RULE TOLLING

27. This cause of action did not accrue until the Plaintiff discovered that her car had an illegal "defeat device" that had the ability to detect when an Affected Vehicle was undergoing an emission test.

28. Furthermore, that Plaintiff had no real ability to determine that the Affected Vehicles designated as "TDI® clean diesel engine" were defective until the New York Times article, dated on or about September 19, 2015, reported the findings of the International Council on Clean Transportation tests of the differences between Volkswagen's emissions testing and the emissions of the Affected Vehicles in normal use on the road.

29. Therefore, the Plaintiffs cause of action did not accrue until September 19, 2015.

## PLAINTIFF'S FACTUAL ALLIGATIONS

30. Plaintiff, Karen Roebuck, purchased a new 2014 Volkswagen Jetta SportsWagon on or about October 24, 2014 with a "TDI® clean diesel engine from the Autobarn Richard Fisher Dealerships, 5330 West Irving Park Road, Chicago, IL 60641-2528, trading in a 2010 Toyota Camry Hybrid vehicle. Indiana Sales tax was charged at the time of sale.

31. At the time of the purchase, the Plaintiff was unaware of the fact that the 2014 Volkswagen Jetta SportsWagon was an Affected Vehicle i.e., that it had this sophisticated software algorithm known as a "defeat device" that enabled Volkswagen, through its active deception, to get EPA certification and pass emission tests, but at all times relevant would emit up to 40 times the allowed level of emissions, and <u>would not</u> pass EPA standards.

32. The Plaintiff purchased the vehicle on the mistaken belief that the vehicle was environmentally friendly, and complied with all applicable federal and state laws.

33. The Plaintiff believes in the overwhelming evidence of man-made global warming, so it was of utmost importance to her to purchase a fuel efficient, environmentally friendly "clean diesel" car.

34. Plaintiff relied to her detriment after speaking and reading advertising materials provided to her by sales representatives in Indiana, and found a less expensive car in Illinois, purchased it and returned that day to her residence in Indiana.

35. One of Volkswagen's misrepresentations which the Plaintiff relied upon to purchase the 2014 Jetta SportWagen was found in its brochure on page 12, which read in "bold type" as follows: "**2.0L TDI Clean Diesel engine. Engineered with the idea that less is more. The Jetta SportWagen TDI has lower CO2 emissions compared to 90% of other**

6

**vehicles.\* So every getaway you make will be a cleaner one,"** and is attached to this Complaint as Exhibit 2.

36. The Plaintiff has been deceived by Volkswagen, in order to induce her to purchase what she thought was an environmentally friendly vehicle.

37. The 2014 Jetta Sportwagen TDI® w/ Sunroof & Nav. Sales sticker decal promoted the "TDI® clean diesel engine." The sticker decal has been retained by Plaintiff.

38. The Plaintiff was mortified when she learned that she traded her Toyota Camry Hybrid for an Affected Vehicle that was not clean to the environment and which emitted an illegal amount of emission and dangerous levels of $CO_2$.

39. The Plaintiff estimates that she paid more for a car with the "TDI Clean Diesel engine" as she did when purchasing the Toyota Camry Hybrid. Had she known that this was an Affected Vehicle, she would not have purchased a Volkswagen.

40. Even if Volkswagen is able to add components to enable it to comply with current EPA standards, the Plaintiff will suffer actual harm and damages since, upon information and belief, the Affected Vehicle will be unable to perform as it has and <u>will not</u> perform as advertised in the 2014 Jetta SportWagen brochure.

41. The Plaintiff believes that any recall will lead to decreased performance, decreased mileage, and increased fuel cost over the lifespan of this car. Furthermore, Volkswagen's actions will cause a diminution of the resale value of her Affected Vehicle and downgrade the appeal of said vehicles as compared to other similar vehicles that did not have a "defeat device" and were environmentally-friendly.

## DEFENDANT'S FACTUAL ALLEGATIONS

42. Volkswagen designed, imported, marketed, warranted and sold Affected Vehicles, which it knew did not conform to federal and state regulations.

43. Volkswagen misled the EPA, the consumers, and the Plaintiff that the Affected Vehicles were fuel efficient and clean to the environment.

44. Volkswagen is the largest seller of diesel passenger cars in the United States, and has advertised the Affected Vehicles as low-emission, fuel-efficient, and environmentally "clean" cars.

45. The EPA and the California Air Resources Board have alleged that Volkswagen used software, i.e. the "defeat device" in the Affected Vehicles to make these diesel engines appear to have lower-level emissions than it actually produced.

46. The "defeat device" in the Affected Vehicles activates full emission controls only during testing but then actively reduces its effectiveness during normal driving of an Affected Vehicle and causes emissions to be emitted from it that currently violate the EPA's and other agency's standards.

47. The "defeat device" causes Affected Vehicles to meet emission standards in the laboratory or a testing situation and to get better gas mileage, but in normal operation of the Affected Vehicle, the "defeat device" is programmed in such way that an Affected Vehicle produces and emits nitrogen oxide levels, up to 40 times that which is permitted by the US Health Regulations.

48. Volkswagen has admitted that it designed and installed the "defeat device" in the Affected Vehicle, which detects when a vehicle is undergoing emissions or laboratory testing.

## LEGAL CLAIMS

### Count I – Common Law Fraudulent Concealment

49. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 48 above and make them the same as to all allegations contained within Count I.

50. Volkswagen has admitted that it designed and installed the "defeat device" in the Affected Vehicles, which detects when the car is undergoing emissions or laboratory testing.

51. On or about the year 2009 to the present, Volkswagen, with intent to deceive, has marketed and advertised the Affected Vehicles as "clean diesel" cars.

52. The Plaintiff had no way of knowing that these representations were patently false.

53. The Plaintiff relied upon the brochure that she received, the advertisements she read and saw on television, and the representations made by the salesman that the reason she was paying more for the Volkswagen Sports Wagon was because she was receiving a fuel-efficient "clean" and "green" car which was equipped with the TDI® "clean diesel engine."

54. Volkswagen had a duty to disclose that the Affected Vehicles had a "defeat device" to the Plaintiff and the agencies that oversee emission standards.

55. Volkswagen has breached this duty in order to profit at the expense of the Plaintiff and the environment.

56. Had the Plaintiff known about the true nature of the Affected Vehicle which she purchased, she would not have purchased a vehicle from Volkswagen.

57. Had Volkswagen disclosed the true nature of the Affected Vehicle which the Plaintiff purchased to state and federal agencies such as the EPA, it would not have been sold in the United States.

58. Volkswagen's fraud and concealment of the true nature of the Affected Vehicles is incurable.

WHEREFORE, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

### Count II – Breach of Contract

59. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 58 above and make them the same as to all allegations contained within Count II.

60. Volkswagen's fraudulent concealment and deceptive intentional tactics regarding the Affected Vehicles caused the Plaintiff to purchase an Affected Vehicle rather than one that was environmentally-friendly.

61. The sale by Volkswagen of an Affected Vehicle with a "defeat device" constitutes a contract between it and the Plaintiff. Volkswagen breached the contract by selling the Plaintiff a car which had a "defeat device" software which made it non-compliant to emissions standards.

62. Volkswagen's concealment of the existence of a "defeat device" in its design, which makes the Affected Vehicle less safe and non-compliant with emissions standards decreases the value of the Affected Vehicle.

63. Had the Plaintiff known about the "defeat device," she would not have purchased the car at the price she paid, and/or would have purchased a hybrid vehicle that did not contain the "TDI® clean diesel engine." As a result thereof, the Plaintiff overpaid for the Affected Vehicle and did not receive the benefit of her bargain.

64. Volkswagen's breach of contract by failing to disclose the true nature of the Affected Vehicles is incurable.

WHEREFORE, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

### Count III – Breach of Express Warranty

65. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 64 above and make them the same as to all allegations contained within Count III.

66. Volkswagen has made assertions, representations, and descriptions regarding the performance and emission of the Affected Vehicles.

67. Volkswagen actually knew that these assertions, representations and descriptions regarding the performance and emissions of the Affected vehicles were false.

68. Volkswagen knew that it installed a "defeat device" in the Affected Vehicle and sold the Affected Vehicle to the Plaintiff without disclosure.

69. The Plaintiff relied upon Volkswagen's representations in purchasing the Affected Vehicle; however, the Affected Vehicle did not perform as warranted.

70. Therefore, Volkswagen breached this expressed warranty by intentionally providing an Affected Vehicle with known defects, which were never disclosed to the Plaintiff.

71. Volkswagen's breach of express warranty by concealing and not disclosing the true nature of the Affected Vehicle is incurable.

WHEREFORE, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

### Count IV – Breach of Implied Warrant

72. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 71 above and make them the same as to all allegations contained within Count IV.

73. Volkswagen has made assertions, representations, and descriptions regarding the performance and emission of the Affected Vehicles.

74. Volkswagen actually knew that these assertions, representations and descriptions regarding the performance and emissions of the Affected Vehicles were false.

75. Volkswagen knew that it installed a "defeat device" in the Affected Vehicle and sold it to the Plaintiff.

76. The Plaintiff relied upon Volkswagen's representations in purchasing the Affected Vehicle; however, the Affected Vehicle did not perform as represented in the brochures, advertising, warranties, and other express representations. Instead, these Affected Vehicles were designed to cheat the standards set forth in its actual brochures, advertising, warranties and other express representations.

77. Therefore, Volkswagen breached this implied warranty by intentionally providing to Plaintiff without disclosure, an Affected Vehicle with known defects and knowing that it would not perform as advertised.

78. Volkswagen's breach of implied warranty of the Affected Vehicles is incurable.

Wherefore, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

### Count V – Magnuson-Moss Act (15 U.S.C. § 2301 et seq.) - Implied Warranty

79. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 78 above and make them the same as to all allegations contained within Count V.

80. This court has jurisdiction over the Plaintiff's claims brought under 15 U.S.C. § 2301.

81. At all times relevant, both the Plaintiff and Volkswagen meet the relevant meanings and definitions of the Magnuson-Moss Act 15 U.S.C. § 2301 et seq.

82. The Magnuson-Moss Act (15 U.S.C. § 2301 et seq.) provides a cause of action for consumers like the Plaintiff who been sustained damages by the failure of a warrantor to comply with an implied warranty of suitability.

83. Volkswagen's violation of Magnuson-Moss Act (15 U.S.C. § 2301 et seq.) for its failure to comply with the Act is incurable.

WHEREFORE, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

### Count VI – Unjust Enrichment

84. Plaintiff repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 83 above and make them the same as to all allegations contained within Count V.

13

85. The Plaintiff has benefited Volkswagen economically and otherwise by purchasing its Affected Vehicle.

86. Volkswagen has retained this economic and other benefit as a result of selling an Affected Vehicle to the Plaintiff.

87. Volkswagen continues to be unjustly enriched at the expense of the Plaintiff.

88. Volkswagen should be required to disgorge this unjust enrichment to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Volkswagen is liable to the Plaintiff for all damages she has incurred and will occur including but not to compensatory damages, incidental and consequential damages, the value of the property for which she was deprived, with reasonable attorney fees and any other damages allowed by law under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Karen C. Roebuck, by counsel, requests a trial by jury as to all issues so triable.

This 5th day of October, 2015.

Respectfully submitted,

*/s/ Crystal D. Pulley/*
Crystal D. Pulley, #31781-02
McCLURE, McCLURE & DAVIS
235 N. Delaware Street
Indianapolis, IN 46204
(317) 221-0800 – Telephone
(317) 221-0900 – Facsimile